Filed 9/20/23  P. v. Rainey CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CLYDE RAINEY,<br><br>        Defendant and Appellant. | A166802<br><br>(Contra Costa County Super. Ct. No. 05-980708-2) |

Defendant Clyde Rainey challenges an order denying his petition for resentencing under Penal Code section 1172.6 (formerly § 1170.95)[1] on the ground defendant failed to state a prima facie case for relief.  The Attorney General concedes the record of conviction does not conclusively establish defendant is ineligible for resentencing, and we agree.  Accordingly, we reverse and direct the trial court to issue an order to show cause under section 1172.6 and proceed accordingly.

### BACKGROUND[2]

"On Halloween night, October 31, 1996, 20-year-old Koupou Saechao was twice shot in the back while in front of his aunt's apartment building in

---

[1] All further statutory references are to the Penal Code.

[2] Much of the background is taken from our prior opinion affirming defendant's conviction.  (*People v. Rainey* (Feb. 7, 2001, A088153) [nonpub. opn.].)

1

North Richmond. The aunt heard two gunshots, and then Saecho came to the door and collapsed in her arms. Saecho said a 'black guy' shot him. Saechao died four days later, on November 4.

"The police arrested 16-year-old appellant on November 6, 1996. Appellant is African American. Appellant initially denied involvement in the shooting, then said that he and 14-year-old Donald C. tried to rob Saechao and Donald shot the victim when a patdown found nothing to steal. Ultimately, after talking with his mother at the police station, appellant confessed that he was the one who shot Saechao. When speaking to the police, appellant denied being a member of a gang, or participating in the shooting as a gang initiation.

"Appellant's trial defense was that he was guilty of no more than manslaughter or second degree murder because he shot the victim as part of a gang initiation, not robbery, and suffers from developmental limitations that impede his ability to premeditate." (*People v. Rainey, supra,* A088153.)

The jury was instructed, among other things, on felony murder as a possible basis for convicting defendant as well as the personal use of a firearm enhancement. The jury convicted defendant of first degree murder, committed during an attempted robbery and found true the personal use of a firearm enhancement, and the trial court sentenced him to life without the possibility of parole. (*People v. Rainey, supra,* A088153.)[3]

---

[3] After this court affirmed the judgment in *People v. Rainey, supra,* A088153, defendant sought writ relief from his life without the possibility of parole sentence pursuant to *Miller v. Alabama* (2012) 567 U.S. 460. We granted the petition and remanded the matter for resentencing in conformity with *Miller.* (*In re Rainey* (Feb. 28, 2014, A138921) [nonpub. opn.].) On remand, the trial court reimposed a life without the possibility of parole sentence, and this court recently affirmed that judgment in *People v. Rainey* (Aug. 25, 2023, A164100) [nonpub. opn.].

In June 2022, defendant, in propria persona, filed a petition for resentencing pursuant to section 1172.6. The People filed opposition, contending defendant was ineligible for relief because he "was convicted on the personal use of [a] firearm enhancement" and therefore, "indisputably acted as the actual killer as a matter of law." In reply, defendant, now represented by counsel, maintained the "court cannot say that the jury's verdicts conclusively find that [he] was 'the actual killer' or that he acted with the intent to kill," as the "jury could have relied on the felony murder instructions and found that an uncharged co-participant was 'the actual killer.'"

After reviewing the record of conviction, the trial court issued an order denying defendant's petition.

## DISCUSSION

"Effective January 1, 2019, Senate Bill [No.] 1437 [(2017–2018 Reg. Ses.)] amended murder liability under the felony-murder and natural and probable consequences theories. The bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433; accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*), abrogated by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869.) The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 1, subd. (f); *Gentile*, at pp. 842–843.) In addition, Senate Bill

3

No. 1437 (2017–2018 Reg. Sess.) added section 1170.95, subsequently renumbered to section 1172.6, "to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief," retroactive relief if they could no longer be convicted under the new law.  (*Gentile*, at p. 843; *People v. Delgadillo* (2022) 14 Cal.5th 216, 223 & fn. 3.)

Under section 1172.6, "the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019.' "  (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' "  (*Strong, supra*, 13 Cal.5th at p. 708.)

The court's "prima facie inquiry . . . is limited. . . .  ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citation.]  '[A] court should not reject the petitioner's factual allegations on credibility issues without first conducting an evidentiary hearing.' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

Importantly, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Lewis, supra*, 11 Cal.5th at p. 972.)  In determining whether defendant has made a prima

4

facie showing for resentencing, we may consider the record of conviction, which includes jury instructions given at trial. (*Id.* at pp. 971–972; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 932, 935.) However, we must keep in mind, "the 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, at p. 972.) An evidentiary hearing is required unless the record conclusively establishes the defendant is ineligible for resentencing as a matter of law. (*Strong, supra*,13 Cal.5th at p. 708.) "We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief." (*People v. Pickett* (2023) 93 Cal.App.5th 982, 989.)

The trial court here concluded, at the prima facie stage, that the record established that defendant was "the actual killer" and therefore was ineligible for sentencing relief. In doing so, the court identified two aspects of the record. First, the "the jury found [defendant] guilty of murder in the first-degree as well as [found] true allegations that he personally used a firearm." The court stated this finding refuted defendant's contention he could not now be convicted under the current law because he "was found to be the sole person to have used a gun to shoot [the victim] in the back, thereby killing him." Two, the record revealed that "after the jury convicted [defendant], he admitted to 'murdering' the victim when interviewed by the probation officer who prepared the pre-sentencing report in this case."

Defendant maintains, and the Attorney General concedes, neither of the reasons identified by the trial court forecloses eligibility for resentencing as a matter of law. The Attorney General's concession is well-taken.

Although the jury was instructed on and found true the personal use of a firearm enhancement, that instruction did not require the jury to determine

5

defendant was the actual shooter.[4]  Instead, the instruction only required the jury to find defendant "intentionally displayed a firearm in a menacing manner, intentionally fired it, or intentionally struck or hit a human being with it."  (CALJIC No. 17.19.)  As noted in this court's opinion affirming the judgment, defendant alternatively confessed to the murder, accused his accomplice of the murder, and denied any liability whatsoever.  (*People v. Rainey, supra*, A088153.)  This means, the jury could have concluded defendant merely brandished the firearm "in a menacing manner" before his accomplice ultimately shot and killed the victim.

Nor does defendant's confession establish as a matter of law he was the actual killer.[5]  Although the jury rejected defendant's theory that he had no involvement in the murder, it did not necessarily reject his theory that his accomplice was responsible for the murder.  We agree with the Attorney General's assessment that defendant's confession to the probation officer "merely added to his collection of inconsistent statements," and "[r]esolving that inconsistency by pronouncing [defendant] the actual killer was the kind of factfinding that a superior court may conduct '*only* after issuing an order to

---

[4]  The jury was instructed on CALJIC No. 17.19, which stated: "It is alleged that the defendant personally used a firearm during the commission of the crime charged.  [¶] If you find the defendant guilty of the crime charged [or a lesser and included felony offense], you must determine whether the defendant personally used a firearm in the commission of [that] [felony].  [¶] . . . [¶] The term 'personally used a firearm,' as used in this instruction, means that the defendant, must have intentionally displayed a firearm in a menacing manner, intentionally fired it, or intentionally struck or hit a human being with it."

[5]  In an interview with the probation department, defendant stated " 'I murdered somebody for no reason during a robbery.  I shot him in the back twice.  My partner and I held him at gunpoint, pat him down and I shot him; he had no money.' "

6

show cause and holding an evidentiary hearing,' not at the prima facie stage." (*Lewis, supra*, 11 Cal.5th at p. 972 [at the prima facie stage, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' "].)

We therefore conclude defendant's petition states a prima facie case, and the record does not conclusively refute his allegations of eligibility. Accordingly, the trial court erred in denying the petition without issuing an order to show cause.

**DISPOSITION**

The order denying defendant's petition for resentencing is reversed. On remand, the trial court shall issue an order to show cause under section 1172.6.

_____

Banke, J.


We concur:


_____

Margulies, Acting P.J.


_____

Bowen, J.*


**Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A166802, People v. Rainey